UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GREGORY WEILER,<br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting<br>Commissioner of Social Security<br>Defendant. | Civil Action No.<br>21-11614-NMG |

MEMORANDUM AND ORDER

GORTON, J.

For the reasons set forth below, the Court dismisses this action pursuant to 28 U.S.C. § 1915A(b).

I. Background

On September 15, 2021, the Court received several handwritten letters from Gregory A. Weiler, II ("Weiler"). See Docket No. 1. The clerk entered the letters on the docket as Weiler's complaint and the defendant was listed as the Acting Commissioner of Social Security. See Docket. Weiler seeks to have the clerk of court forward to him the appropriate social security applications and refers to himself as "Lt. Supreme Commander." As best can be gleaned from the letters, Weiler believes that, as a member of a military family, he is entitled to a retirement pension or disability benefits based upon his relationship with his grandfather.

Weiler references a "law of exit strategy" and seems to imply that he may "invoke by motion [his] right to leave premises." Docket No. 1, p. 1. At the top of one letter, Weiler writes: "Oklahoma - 4:13-00018-CVE, which appears to be a reference to United States v. Weiler, C.R. No. 13-CR-0018-CVE (N.D. Okla.). Id. at p. 2. Following a non-jury trial on January 7, 2014, the trial court found Weiler not guilty only by reason of insanity and ordered Weiler committed to the Bureau of Prisons. United States v. Weiler, No. 13-00018, 2019 WL 4956159, at *1 (N.D. Okla. 2019). Weiler is currently confined at FMC Devens. Docket No. 1, p. 1.

## II. Screening

Under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are subject to screening. Weiler meets the definition of prisoner[1] and his pleadings are subject to screening. Section 1915A authorizes federal courts to dismiss a complaint sua sponte if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which

---

[1] Section 1915(h) defines "prisoner" as "any person incarcerated in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); see also 42 U.S.C. § 1997e(h); Sergentakis v. Channell, 272 F. Supp. 3d 221, 226 (D. Mass. 2017) (citing cases).

relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b).

Because Weiler is proceeding pro se, the Court will construe his pleadings generously. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

### III. Discussion

To the extent Weiler seeks to bring an action concerning social security benefits, Weiler must first exhaust his administrative remedies before obtaining judicial review under 42 U.S.C. § 405(g). Here, Weiler is seeking to file an application for benefits and has alleged no basis for the Court to excuse any failure to exhaust administrative remedies.

To the extent Weiler seeks to challenge his continued confinement, any request for release from confinement must be filed with the committing court, which is the United States District Court for the Northern District of Oaklahoma. See Archuleta v. Hedrick, 365 F.3d 644, 649 (8th Cir. 2004) (noting that only committing court may grant conditional or unconditional release under 18 U.S.C. § 4247(h) and is therefore the correct court to exercise jurisdiction over a 28 U.S.C. § 2241 petition filed by a person committed to confinement under 18 U.S.C. § 4243(e)); see also Commey v Grondolsky, No. 13-13079-RBC, 2 F.Supp.3d 48, 49-50 (D. Mass. 2014) ("When a person

is committed pursuant to 18 U.S.C. § 4243 and challenges his continued confinement ... he 'may, at any time during [the] confinement, file <u>with the court that ordered the commitment</u>'" a challenge to that confinement)(quoting 18 U.S.C. § 4247(h))(emphasis in original).

IV.  Order

Accordingly, it is hereby Ordered that:

1. This action is DISMISSED pursuant to 28 U.S.C. § 1915A(b).  No filing fee is assessed in this action.

2. The Clerk shall enter a separate Order of Dismissal.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: October /2, 2021